1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA 94610
3  Telephone: (510) 893-6682

   E-filing

   FILED

   DEC 2 3 2009

   RICHARD W. WIEKING
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
   OAKLAND

4  Attorneys for Plaintiff
   CAROLYN MARTIN

5

   UNITED STATES DISTRICT COURT

   A D R

6

   NORTHERN DISTRICT OF CALIFORNIA

7

   CAROLYN MARTIN                          CASE NO. C09-06025CRB
8                                          Civil Rights

   Plaintiff,
9                                          C O M P L A I N T      F O R
   V.                                      P R E L I M I N A R Y      A N D
10                                         PERMANENT  INJUNCTIVE
   JAD SAN PABLO LLC;                      RELIEF  AND  DAMAGES:
11  and DOES 1-25, Inclusive,              DENIAL OF CIVIL RIGHTS AND
                                           PUBLIC  FACILITIES  T O
12      Defendants.                        PHYSICALLY  DISABLED
                                           PERSONS,  (§51,(§52,§52.1,§54,
13  _____/             §54.1, §55 CIVIL CODE; §19955 ff
                                           HEALTH  &  SAFETY  CODE);
14                                         INJUNCTIVE RELIEF PER TITLE
                                           III,  AMERICANS  WITH
15                                         DISABILITIES ACT OF 1990,
                                           42 USC §§12181. et. seq.
16
                                           **DEMAND FOR JURY TRIAL**
17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages, Injunctive Relief, etc.

1    Plaintiff CAROLYN MARTIN complains of Defendants above named, and
2  each of them, and alleges as follows:

3  **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
   **FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC**
4  **ACCOMMODATION: PUBLIC FACILITIES IN A RESTAURANT**
   **(§§19955 Et Seq Health & Safety Code, §51, EtSeq, §54.1 Et Seq Civil Code)**
5

6    1.    Ms. Martin is a "person with a disability"who requires the use of a
7  wheelchair for locomotion and who is unable to use portions of public facilities
8  which are not accessible to disabled persons who require the use of a wheelchair.

9    2.    **SUMMARY**: This case involves the denial of disabled accessible
10 parking, paths of travel, entry, seating, restrooms, and related facilities to Ms.
11 Martin and other disabled persons at the Dead Fish Restaurant at 20050 San Pablo
12 Avenue, Crockett, California 94525. Ms. Martin was denied equal protection of the
13 law and was denied Civil Rights under both California law and federal law. Ms.
14 Martin was denied her rights to full and equal access at the Restaurant because it
15 was not, and is not, properly accessible to disabled persons such as Ms. Martin who
16 use wheelchairs.    Ms. Martin seeks injunctive relief to require that Defendants
17 make the Restaurant and related facilities accessible to disabled persons and to
18 ensure that any disabled person who attempts to use the Restaurant and its facilities
19 will be provided accessible parking, paths of travel, entry, seating, restrooms, and
20 related facilities. Ms. Martin also seeks recovery of damages for her physical and
21 personal injuries and discriminatory experiences and seeks recovery of reasonable
22 attorneys' fees, litigation expenses, and costs, according to statute.

23    3.    **JURISDICTION:**    This Court has jurisdiction of this action pursuant
24 to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42
25 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of
26 action arising from the same facts are also brought under California law, including
27 but not limited to violations of California Government Code §4450, *et. seq*., Health

28

Complaint for Damages and Injunctive Relief          -1-

1 & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of
2 Regulations; and California Civil Code §§ 51, 52. 52.1,54, 54.1 and 55.

3     4.   **VENUE:**   Venue is proper in this court pursuant to 28 USC 1391(b)
4 and is founded on the fact that the real property which is the subject of this action is
5 located in this district and that Ms. Martin's causes of action arose in this district.

6     5.   **INTRADISTRICT:** This case should be assigned to the San Francisco
7 intradistrict as the real property which is the subject of this action is located in said
8 intradistrict and Ms. Martin's causes of action arose in said intradistrict.

9     6.   Defendants and DOES 1-10, Inclusive, are the owners, operators,
10 lessors, and/or lessees of the subject Restaurant and facility. This building is a
11 "public accommodation or facility" subject to the requirements of California Health
12 & Safety Code §19955 et seq. and of the California Civil Code,§51 et. seq. and §54
13 et seq. On information and belief, this facility has, since July 1, 1970, either been
14 constructed and/or undergone "alterations, structural repairs, or additions" subjecting
15 such restaurant to disabled access requirements per §19959 Health & Safety Code.

16     7.   The true names and capacities of Defendants DOES 11 through 25,
17 Inclusive, are unknown to Ms. Martin who therefore sues said Defendants by such
18 fictitious names; Ms. Martin is informed and believes that each of the Defendants
19 herein designated as a DOE is legally responsible in some manner for the events and
20 happenings herein referred to and caused injury and damages proximately thereby
21 to Ms. Martin. Ms. Martin prays leave of Court to amend this Complaint to show
22 such true names and capacities when the same have been ascertained.

23     8.   Defendants and DOES 1-10, Inclusive, are and/or were the owners,
24 operators, lessors, and/or lessees of the subject Restaurant and facility during all
25 times relevant to this Complaint. Ms. Martin is informed and believes that each of
26 the Defendants herein is the agent, employee or representative of each of the other
27 Defendants, and performed all acts and omissions stated herein within the scope of

28

Complaint for Damages and Injunctive Relief     -2-

1 such agency or employment or representative capacity and is responsible in some
2 manner for the acts and omissions of the other Defendants in proximately causing
3 the damages complained of herein.

4     9.     Ms. Martin and other similarly situated physically disabled persons
5 who require the use of a wheelchair are unable to use public facilities on a "full and
6 equal" basis unless each such facility is in compliance with the provisions of Health
7 & Safety Code §19955 et. seq. Ms. Martin is a member of that portion of the public
8 whose rights are protected by the provisions of §19955 et seq. Health & Safety Code.
9 The acts and omissions of Defendants complained of herein were committed in
10 Crockett, Contra Costa County, State of California.

11     10.     §19955 Health & Safety Code was enacted "To ensure that public
12 accommodations or facilities constructed in this state with private funds adhere to
13 the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the
14 Government Code." Such public accommodations are defined to include
15 Restaurants. §19955 Health & Safety Code also requires that "When sanitary
16 facilities are made available for the public, clients or employees in such
17 accommodations or facilities, they shall be made available for the physically
18 handicapped." Title 24, California Code of Regulations, formerly known as the
19 California Administrative Code, was in effect at the time of each alteration which,
20 on information and belief, occurred at such public facility since July 1, 1982, thus
21 requiring access complying with the specifications of Title 24 whenever each such
22 "alteration, structural repair or addition" is carried out. On information and belief,
23 the original construction of the building and/or alterations, structural repairs, or
24 additions which additionally triggered access requirements occurred between July
25 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American
26 Standards Association) Regulations then in effect.

27     11.     In late February/early March, 2009 Ms. Martin and Sharon Perry

28

Complaint for Damages and Injunctive Relief     -3-

1 arrived at the Restaurant for lunch. Ms Martin encountered a parking lot without the
2 required number of accessible parking spaces, without a designated van accessible
3 parking space, without a tow away sign, without the International Sign of
4 Accessibility(ISA) posted on one of the spaces, without "No Parking" signage posted
5 for one of the spaces, and without the proper color for the access aisle border
6 striping.

7    12.    Upon exiting her vehicle, Ms. Martin encountered a segregated entry
8 system into the Restaurant, with a primary entrance required to be used by all
9 persons who are ambulatory and a side entrance required to be used, and only to be
10 used, by persons in wheelchairs. In this regard, when Ms. Martin entered the
11 Restaurant from the primary entrance for use by the general public, she became
12 aware that the restaurant seating and the rest rooms were on a lower level which
13 could be reached by stairs only. Consequently, she was directed and required to use
14 an exterior side entrance to the lower portion which entered directly into the seating
15 area of the lower level of the Restaurant. At the entry which all persons in
16 wheelchairs were required to use, Ms. Martin encountered a landing at the pull side
17 of the door that appeared to have an excessive slope. After she entered the lower
18 level into the dining area of the Restaurant, Ms. Martin realized that the large bar
19 area of the Restaurant was not accessible to her from inside the Restaurant because
20 it was up a flight of stairs to the level of the primary entrance and host or hostess
21 station.

22    13.    Upon entry into the lower, dining area portion of the Restaurant, Ms.
23 Martin encountered both booth seating and non booth seating. None of the seating
24 was accessible to persons such as Ms. Martin who use wheelchairs. As a result, Ms.
25 Martin could not get her wheelchair under the table and had to sit in an
26 uncomfortable position.

27    14.    During her time at the Restaurant, Ms. Martin needed to use the

28

Complaint for Damages and Injunctive Relief          -4-

1 women's restroom, where she encountered numerous barriers to access, including
2 but not limited to the following:a 40½" deep landing at the pull side of the entry
3 door; a lack of geometric signage on the door; a lack of tactile sign adjacent to the
4 door; a 43½" wide path-of-travel to the designated accessible toilet compartment; a
5 5" strike side clearance at the push side of the toilet compartment door; a lack of a
6 pull handle on the exterior side of the toilet compartment door; a pull handle on the
7 interior side of the toilet compartment that is not located directly below the latch; ;
8 a 56 ½" space in front of the side opening toilet compartment; a toilet centerline
9 that is 17" adjacent to the wall;a 15 ½" " high toilet seat; a flush valve that is not on
10 the wide side of the toilet; a side grab bar whose outsize edge is 47½" from the rear
11 wall; a toilet seat cover dispenser 55" above the finish floor (AFF) ; a baby changing
12 table that requires grasping and pulling to operate; two (2) lavatory counters at 34½"
13 AFF; lavatories with no knee space underneath; drainpipes and p-traps under the
14 lavatories that are not insulated; a paper towel dispenser 47" AFF; a mirror with a
15 reflective edge of 43 ½ AFF; a soap dispenser 42" AFF: and a tampax machine with
16 dispenser controls 57½" AFF and with coin slots 61½" AFF.. Ms. Martin was not
17 able to gain access to the toilet in the women's restroom and suffered a urination
18 accident as a result.

19 15. In addition, the men's restroom also is not accessible to persons who
20 require the use of a wheelchair in particulars similar to and in addition to those in the
21 women's restroom.

22 16. Further, any violation of the Americans With Disabilities Act of
23 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which
24 are repled and incorporated herein, word for word, as if separately repled), also
25 constitutes a violation of §§ 51(f), 54(c) and §54.1(d) California Civil Code, thus
26 independently justifying an award of damages and injunctive relief pursuant to
27 California law, including but not limited to the Civil Code's Unruh Act and

28

1  Disabled Person's Act.

2  17.  **INJUNCTIVE RELIEF:** Ms. Martin seeks injunctive relief to
3  prohibit the acts and omissions of Defendants as complained of herein which are
4  continuing on a day-to-day basis and have the effect of wrongfully excluding Ms.
5  Martin and other members of the public who are physically disabled wheelchair
6  users from full and equal access to the Restaurant and its facilities. Such acts and
7  omissions are the cause of humiliation and mental and emotional suffering of Ms.
8  Martin in that these actions continue to treat Ms. Martin as an inferior and second
9  class citizen and serve to discriminate against her on the sole basis that she is a
10  person with disabilities and requires the use of a wheelchair for movement in
11  public places. Ms. Martin is unable, so long as such acts and omissions of
12  Defendants continue, to achieve equal access to and use of this public Restaurant
13  and its facilities. Until Defendants make the Restaurant and its facilities
14  accessible to and useable by Ms. Martin, she is deterred from returning to and
15  using the Restaurant and its facilities. Ms. Martin wishes to return to and use the
16  Restaurant as soon as it is accessible to her in compliance with federal and state
17  laws and regulations. The acts of Defendants have proximately caused and will
18  continue to cause irreparable injury to Ms. Martin if not enjoined by this court.

19  18.  **DAMAGES:** As a result of the denial of equal access to the
20  Restaurant and its facilities, and due to the acts and omissions of Defendants and
21  each of them in owning, operating, leasing, constructing, altering, and
22  maintaining the subject facility, Ms. Martin  suffered a violation of her Civil
23  Rights, including but not limited to rights under §§51, 52, 52.1, 54 and 54.1 Civil
24  Code, and suffered physical injury, discomfort and pain, mental and emotional
25  distress, embarrassment and humiliation, all to her damages as hereinafter stated.
26  Defendants' actions and omissions to act constituted discrimination against Ms.

27

28

1  Martin on the sole basis that she is physically disabled and unable, because of the
2  architectural barriers created and/or maintained by the Defendants in violation of
3  the subject laws, to use the Restaurant and its facilities on a full and equal basis
4  as other persons. Ms. Martin also seeks trebling of all actual damages, general
5  and special, as provided for in the Civil Code.

6      19.    **FEES AND COSTS:** As a result of Defendants' acts, omissions,
7  and conduct, Ms. Martin has been required to incur attorneys' fees, litigation
8  expenses, and costs as provided by statute, in order to enforce her rights and to
9  enforce provisions of the law protecting access for disabled persons and
10 prohibiting discrimination against disabled persons. Ms. Martin therefore seeks
11 recovery of all reasonable attorney's fees and costs pursuant to the applicable
12 provisions of the California Civil Code. Additionally, Ms. Martin's lawsuit is
13 intended not only to obtain compensation for damages to Ms. Martin, but also to
14 force the Defendants to make the Restaurant and its facilities accessible to all
15 disabled members of the public, justifying "public interest" attorney's fees,
16 litigation expenses and costs pursuant to the provisions of §1021.5 of the
17 California Code of Civil Procedure.

18     20.    Wherefore Ms. Martin asks this court to preliminarily and
19 permanently enjoin any continuing refusal by Defendants to grant such access to
20 Ms. Martin and to require Defendants to comply forthwith with the applicable
21 statutory requirements relating to access for disabled persons. Such injunctive
22 relief is provided by §19953 Health & Safety Code and applicable provisions of
23 California Civil Code's Unruh Act and Disabled Person's Act, and other law.
24 Ms. Martin further requests that the court award damages pursuant to said Civil
25 Code and other law and statutory costs and attorney fees pursuant to §19953
26 Health & Safety Code, said Civil Code, Code of Civil Procedure §1021.5 and
27
28

1  other law, all as hereinafter prayed for.

2  Wherefore Ms. Martin prays for relief as hereinafter stated.

3

4  **SECOND CAUSE OF ACTION:**
   **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
5  **42 USC §12101FF**

6  21.  Ms. Martin repleads and incorporates by reference, as if fully set

7  forth again herein, the allegations contained in Paragraphs 1 through 20 of this

8  Complaint, and incorporates them herein as if separately repled.

9  22.  Pursuant to law, in 1990 the United States Congress made findings

10  per 42 USC §12101 regarding physically disabled persons, finding that laws were

11  needed to more fully protect "some 43 million Americans [with] one or more

12  physical or mental disabilities;" that "historically society has tended to isolate and

13  segregate individuals with disabilities;" that "such forms of discrimination against

14  individuals with disabilities continue to be a serious and pervasive social

15  problem;" that "the Nation's proper goals regarding individuals with disabilities

16  are to assure equality of opportunity, full participation, independent living and

17  economic self sufficiency for such individuals;" and that "the continuing

18  existence of unfair and unnecessary discrimination and prejudice denies people

19  with disabilities the opportunity to compete on an equal basis and to pursue those

20  opportunities for which our free society is justifiably famous. . . ."

21  23.  Congress stated the following as its purpose in passing the

22  Americans with Disabilities Act (42 USC §12101(b))

23  It is the purpose of this act

24  (1) to provide a clear and comprehensive national mandate for the
   elimination of discrimination against individuals with disabilities;
25

26  (2) to provide clear, strong, consistent, enforceable standards addressing
   discrimination against individuals with disabilities;
27

28

Complaint for Damages and Injunctive Relief          -8-

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities. (Emphasis added)

24. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among "private entities" which are considered "public accommodations" for purposes of this title are a "... a restaurant, bar or other establishment serving food or drink." (§301(7)(B) .

25, Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

26. The specific prohibitions against discrimination include: §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Ms. Martin's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

27. The removal of the barriers complained of by Ms. Martin in this lawsuit were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As previously alleged, the removal of each and every one of the architectural barriers complained of was also required under California law. On information and belief, access in certain particulars were also required by alterations and additions to the premises occurring after January 26, 1993, pursuant to section 303 of the ADA (42 USC 12183).

28. On information and belief, as of the date of Ms. Martin's visit, and as of the date of the filing of this Complaint, the premises denied full and equal access to Ms. Martin and to other disabled wheelchair users in other respects, which violated Ms. Martin's rights to full and equal access and which discriminate against Ms. Martin on the basis of her disability, thus wrongfully denying to Ms. Martin the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182. Said premises continue on a day to day basis to deny Ms. Martin and other disabled persons such full and equal access.

29.     Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Ms. Martin is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Ms. Martin is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302. On information and belief, Defendants have continued to violate the law and deny the rights of Ms. Martin and of other disabled persons to access this public accommodation since on or before Ms. Martin's visit. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

30.     Ms. Martin seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Ms. Martin is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that he may attempt to use the facilities.

Wherefore Ms. Martin prays for relief as hereinafter stated:

## PRAYER

1.     Issue a preliminary and permanent injunction directing Defendants as owners, operators, lessors and /or lessees of the subject Restaurant and facilities to modify the above described facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Ms. Martin and similarly situated persons with disabilities, and which provide

1  full and equal access, as required by law;

2      2.      Retain jurisdiction over the Defendants until such time as the Court
3  is satisfied that Defendants' unlawful policies, practices, acts and omissions, and
4  maintenance of inaccessible public facilities as complained of herein no longer
5  occur, and will not recur;

6      3.      Award to Ms. Martin all appropriate damages, including but not
7  limited to statutory damages, general damages and special damages in an amount
8  within the jurisdiction of the  Court, and treble damages pursuant to the Civil
9  Code 's Unruh Civil Rights Act and the Disabled Person's Act, all according to
10 proof.

11     4.      Award to Ms. Martin  reasonable attorneys' fees,  litigation expenses,
12 and  costs of this proceeding as provided by law;  and

13     5.      Grant such other and further relief as the Court deems just and
14 proper.

15 Dated: 12/23/09                    SIDNEY J. COHEN
16                                    PROFESSIONAL CORPORATION
17                                    By _____
18                                        Sidney J. Cohen
                                         Attorney for Plaintiff Carolyn Martin
19

20                      DEMAND FOR JURY TRIAL

21         Plaintiff hereby demands a jury for all claims for which a jury is
22 permitted.

23 Dated: 12/23/09                    SIDNEY J. COHEN
24                                    PROFESSIONAL CORPORATION
25                                    By _____
26                                        Sidney J. Cohen
                                         Attorney for Plaintiff Carolyn Martin
27

28

Complaint for Damages and Injunctive Relief          -12-